EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTEN A. SPROULE (Cal. Bar Pending)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-4493
    Facsimile:  (213) 894-7177
    E-mail:     Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 15-8173 |
| Plaintiff, | |
| vs. | VERIFIED COMPLAINT FOR FORFEITURE |
| ONE 2014 ROLLS ROYCE WRAITH AND THREE WATCHES, | 18 U.S.C. § 981(a)(1)(A) and (C) |
| Defendants. | [U.S.S.S.] |

The United States of America brings this claim against the defendants One 2014 Rolls Royce Wraith and Three Watches, (the "defendant assets"), and alleges as follows:

JURISDICTION AND VENUE

1.      This is a civil forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

2.      This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1395(a).

PERSONS AND ENTITIES

4.      The plaintiff is the United States of America.

5.      The defendants are One 2014 Rolls Royce Wraith (registered to Zhanna Hovhannisyan and with Vehicle Identification Number SCA665C51EUX84757) and Three Watches (the "defendant watches") seized during the execution of a federal search warrant by the Federal Bureau of Investigations ("FBI") and the United States Secret Service ("USSS") at a residential address in Glendale, California[1] on or about May 6, 2015.

6.      The defendant assets are currently in the custody of the United States Secret Service ("USSS") in this District, where they shall remain subject to this Court's jurisdiction during the pendency of this action.

7.      The interests of Artur Stepanyan ("Artur"), Syuzanna Stepanyan ("Syuzanna"), and Zhanna Hovhannisyan ("Hovhannisyan") may be adversely affected by these proceedings.

EVIDENCE SUPPORTING FORFEITURE

8.      Beginning in at least 2007 through in or about April 2015, Artur and his cousin, Mihran Stepanyan ("Mihran"), engaged in a scheme to distribute diverted prescription drugs and launder the proceeds of that scheme.  They conducted their scheme using a variety of business entities in the Los Angeles, California area, including: Panda Capital Group; Red Rock Capital; Trans Atlantic

---

[1] The residence address has been omitted pursuant to Local Rule 5.2-1.

Capital; GC National Wholesale; Sky Atlantic Capital; and Nationwide Payment Solutions.

A.     *Distribution of Improperly Procured Drugs*

9.     The wholesale distribution of drugs in the United States and its territories is subject to federal and state regulation. Generally speaking, anyone seeking to engage in the distribution of pharmaceuticals must be licensed in the state and territory in which one does business. Licensing is required in order to ensure that drug distributors procure, handle, and store their drugs in a manner that ensures the drugs' effectiveness and safety. In addition, applicable laws and regulations require drug distributors to maintain strict records on the provenance of the drugs they sell. Such drug "pedigrees" must state, at a minimum, from whom the distributor purchased the drugs and are intended to allow for the origins of drugs to be readily determined, which is necessary to ensure the effectiveness and safety of the drugs, as well as to facilitate any drug recalls.

10.     Beginning no later than in or about 2009, Mihran and Artur supplied David Miller ("Miller") and his drug wholesale business, Minnesota Independent Cooperative ("MIC"), with large amounts of regulated drugs. Rather than acquire their drugs lawfully from manufacturers and authorized distributors, Mihran and Artur instead procured the drugs they sold from unlicensed sources. In order to conceal their unlawful conduct and launder the proceeds, Mihran, Artur, and their associates conducted their drug sales through front companies such as Panda Capital Group, Red Rock Capital, Trans Atlantic Capital, GC National Wholesale, Sky Atlantic Capital, and Nationwide Payment Solutions. They also conducted their transactions using aliases. For example, Mihran conducted many of his drug sales using the names "George Cardashian" and "Zohrab Hovhannisyan" instead of his own true name.

11.     Miller and his associates were aware that the drugs MIC purchased from Mihran and Artur had not been supplied through properly licensed channels.

3

MIC employees worked with Mihran and Artur in Southern California to package the drugs and send them from California to MIC in Minnesota via UPS.  In order to conceal the unlawful nature of MIC's purchases, Miller and his associates created false drug pedigrees and invoices, as well as conducted MIC's drug purchases through front companies.

12.     Since late 2014, a cooperating witness ("CW-1") worked with the FBI to provide information on Artur, Mihran, and Miller.  On January 14, 2015, CW-1 recorded a conversation with Mihran while Artur was present.  CW-1 told Mihran that he/she did not have a license to distribute prescription drugs, yet Mihran agreed to purchase prescription drugs from SW-1.

13.     Between approximately 2009 through in or about April 2015, MIC purchased more than $157 million worth of drugs from Mihran and Artur.

*B.     Money Laundering*

14.     Mihran and Artur's drug distribution scheme generated substantial amounts of cash, and they sought to launder their illicit proceeds by transferring the money through various bank accounts opened under the names of various businesses and numerous individuals' identities.  For this purpose, multiple fraudulent bank accounts and fraudulent businesses were set up by Artur and Mihran.  Many of those bank accounts were established using the stolen identities of individuals.

15.     For example, during this time period, a Citibank account in the name of GC National Wholesale, later determined to be controlled by Mihran using George Cardashian ("Cardashian") as an alias, was used to launder at least $39,000,000.00 through the account.  Funds were wired into the account and immediately wired out to third parties, including co-conspirators.

16.     Also, Artur and Mihran liquidated much of the money received from illegal drug sales to MIC into cash or gold.  Much of that liquidation was conducted using the false name of Cardashian or Hovhannisyan.  Records from

Apmex, a gold dealer, show that in or about 2012, the Cardashian identity was used to buy approximately $18.7 million worth of gold.  More recently, in or about February 2015, the Hovhannisyan identity was used to buy approximately $282,000.00 in gold from Apmex.

17.     Bank and IRS records reveal that Artur and Mihran have no legitimate source of income; however, both individuals possess high-end luxury items, including the defendant assets.

C.     *Rolls Royce Wraith*

18.     On or about May 18, 2015, the USSS received documentation from the California DMV outlining the purchase of the defendant 2014 One Rolls Royce Wraith.  These documents showed that Zhanna Hovhannisyan purchased the vehicle from 0199 Enterprises, LLC for $90,000.00.  Hovhannisyan is the mother of Artur's long time live-in girlfriend.  Database searches determined that the actual Hovhannisyan left the United States in August 2014, with no record of a return.  A query for Hovhannisyan's photograph and signature showed that the signature on Hovhannisyan's driver's license clearly did not match the signature provided on the title transfer documents.

19.     On January 14, 2015, Artur drove to a meeting with Mihran and CW-1 in the defendant One 2014 Rolls Royce Wraith.  Mihran told CW-1 during that meeting that he had purchased the vehicle as a present for Artur.

D.     *Search Warrant Execution at Personal Residence Located in*
     *Glendale, California on or about May 6, 2015.*

20.     On May 6, 2015, FBI and USSS agents executed multiple federal search and arrest warrants on multiple locations and persons, including Artur's home in Glendale, California.  Agents located a Platinum Rolex Watch, a rose Gold Rolex Watch, and a Franck Muller Watch (i.e., the defendant watches).  This property is proceeds of Artur's illegal schemes.

FIRST CLAIM FOR RELIEF

21.     Based on the above, plaintiff alleges that the defendant assets were involved in one or more violations of 18 U.S.C. §§ 1956 (money laundering) or 1957 (transactions in criminally-derived proceeds).  The defendant assets are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

SECOND CLAIM FOR RELIEF

22.     Based on the above, plaintiff alleges that the defendant assets constitute or are derived from proceeds traceable to one or more violations of 18 U.S.C. § 1341 (mail fraud).  The defendant assets are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

THIRD CLAIM FOR RELIEF

23.     Based on the above, plaintiff alleges that the defendant assets constitute or are derived from proceeds traceable to one or more violations of 18 U.S.C. § 1343 (wire fraud).  The defendant assets are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, plaintiff United States of America prays:

(a)     that due process issue to enforce the forfeiture of the defendant assets;

(b)     that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c)     that this Court decree forfeiture of the defendant assets to the United States of America for disposition according to law; and

///

///

(d)     for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.


DATED: October 19, 2015              EILEEN M. DECKER
                                     United States Attorney
                                     LAWRENCE S. MIDDLETON
                                     Assistant United States Attorney
                                     Chief, Criminal Division
                                     STEVEN R. WELK
                                     Assistant United States Attorney
                                     Chief, Asset Forfeiture Section

                                         /s/ *Christen A. Sproule*
                                     CHRISTEN A. SPROULE
                                     Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

## VERIFICATION

I, Albert Kei, hereby declare that:

1.      I am a Special Agent with the United States Secret Service and the case agent for the forfeiture matter entitled United States of America v. 2014 Rolls Royce Wraith and Three Watches.

2.      I have read the above Verified Complaint for Forfeiture and know its contents.  It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3.      Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 15, 2015 in Los Angeles, California.

ALBERT KEI
SPECIAL AGENT

8